# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATSUE ELLIOTT, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>QC CIRCA 37, LLC, *et al.*,<br><br>   Defendants. | Case No. 16-cv-00288-BAS-AGS<br><br>**ORDER GRANTING *EX PARTE* MOTION TO STRIKE**<br><br>[ECF No. 114] |

Presently before the Court is Defendants Versa CIC, LP and ConAm Management Corporation's ("Defendants") *ex parte* motion for (1) an order either striking Plaintiffs' opposition (the "Opposition") to Defendants' motion for summary judgment or an order striking additional pages in the Opposition beyond the 25 pages permitted by the Local Rules, and (2) an order to strike Plaintiffs' untimely pleadings filed in support of the Opposition. In the alternative, Defendants seek an extension of time to file a response to the Opposition and leave of court to file a 25-page reply.

For the reasons below, the Court grants Defendants' request to strike the Opposition. The Court also strikes the supporting papers. Plaintiffs, however, will have the opportunity to submit a revised Opposition and their supporting papers.

## I. BACKGROUND

Defendants filed a motion for summary judgment on Plaintiffs' claims with

the Court on October 9, 2017. (ECF No. 92.) Plaintiffs' Opposition and supporting papers were due on October 30, 2017. Plaintiffs filed a 66-page Opposition on October 30, 2017, and a notice of lodgment of exhibits thereto, but these submissions lacked certificates of service. (ECF Nos. 103, 104.) Plaintiffs also submitted three declarations in support of the Opposition, with the declarations of Plaintiff Natsue Elliott and Steve Smelser lacking their signatures. (ECF Nos. 105, 105-2.) Plaintiffs subsequently requested to withdraw these declarations because they lacked signatures and indicated they would refile them. (ECF No. 109.) On October 31 and November 2, 2017, Plaintiffs filed the missing certificates of service for the Opposition and lodgment of exhibits. (ECF Nos. 107, 108.) Plaintiffs also resubmitted all supporting declarations on November 2, 2017 with signatures. (ECF Nos. 110−113.)

Defendants subsequently informed Plaintiffs' counsel of their intent to file an *ex parte* motion seeking relief from the Court regarding Plaintiffs' excessive Opposition and untimely filings. (ECF No. 114-1, Decl. of Rita R. Kanno ¶3.) The Court now considers Defendants' *ex parte* request.

## II. DISCUSSION

### A. Plaintiffs' Excessive Opposition is Stricken

Civil Local Rule 7.1(h) provides that "[b]riefs or memoranda in support or in opposition to all motions noticed for the same motion day *must not exceed a total of twenty-five (25) pages in length*, per party, for all such motions *without leave of [Court]*." (emphasis added). Courts generally look with disfavor on motions to exceed page limits for briefs or memoranda, and grants to exceed such limits are the exception. *See, e.g., Santos v. Baca*, No. 2:11-cv-01252-KJD-NJK, 2017 WL 773874, at *1 (D. Nev. Feb. 28, 2017). Excessive briefs are ill-advised considering the strains on judicial dockets and potential prejudice to the opposing party. *See Murray v. City of Bonners Ferry*, No. 2:15-cv-00081-REB, 2016 WL 3198232, at *2 n.3 (D. Idaho June 8, 2016). Moreover, excessive briefs "may actually hurt a party's

case, making it 'far more likely that meritorious arguments will be lost amid the mass of detail.'" *Elec. Frontier Found. v. C.I.A.*, No. C 09-03351 SBA, 2012 WL 112359, at *1 (N.D. Cal. April 3, 2012) (quoting *Fleming v. Cnty. of Kane, State of Ill.*, 855 F.2d 496, 497 (7th Cir. 1988)). In contrast, shorter briefs are typically more helpful to the Court "because the discipline of compression forces the parties to explain clearly and succinctly what has happened, the precise legal issue, and just why they believe the law supports them." *Id.* (quoting *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989)).

Here, Plaintiffs submitted a 66-page Opposition without first seeking leave from the Court. The submission thus violates the plain language of Civil Local Rule 7.1(h). The overly excessive length of the submission is also prejudicial to Defendants given that the applicable Local Rule generally limits the length of a reply brief to 10 pages. Civ. L.R. 7.1(h). A court may strike a brief that violates the length requirement set by the Local Rules, or strike the offending portion exceeding the length requirement. *See, e.g.*, *Elec. Frontier Found.*, 2012 WL 112359, at *1; *King Cnty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001). The Court will strike Plaintiffs' Opposition in its entirety. However, the Court will afford Plaintiffs the opportunity to file a brief that conforms to the page limit set by Local Rule 7.1(h). Plaintiffs must endeavor to keep their Opposition concise and to the point. Because the Court is striking the Opposition, the supporting papers are also stricken. Plaintiffs may re-submit the supporting papers with their revised Opposition.

### B. Violations of Other Local Rules

The Court further advises Plaintiffs that their now stricken Opposition failed to comply with various local rules. First, the Opposition failed to comply with the Local Rule regarding the contents of an opposition. The Opposition lacked a "brief and complete statement of all reasons in opposition to the position taken by the movant." Civ. L.R. 7.1(f)(3)(b). The value of this rule is that it provides a distilled view to the Court of a party's opposition. Second, the Opposition and lodgment of

exhibits lacked certificates of service when they were filed (ECF Nos. 103, 104), in contravention of the rule that a document filed electronically must contain a certificate of service. *See* Civ. L.R. 5.4(c). Instead, Plaintiffs filed certificates separately on the docket. (ECF Nos. 107, 108.) Third, the Opposition lacked complete copies of all documentary evidence upon which the Plaintiffs relied at the time it was filed. *See* Civ. L.R. 7.1(e)(2); 7.1(f)(3)(b). Although the Opposition referenced the declarations of Plaintiff Natsue Elliott and Steve Smelser, these declarations were not properly filed until November 2, 2017. (ECF Nos. 110, 112.) Plaintiffs are advised that a failure to file papers in the manner required by Civil Local Rule 7.1(e)(2) may constitute a consent to the granting of a motion or other request for ruling by the Court. Civ. L.R. 7.1(f)(3)(c).

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** that:

1. Plaintiffs' Opposition and supporting papers **ARE STRICKEN**. (ECF Nos. 103, 104, 107, 108, 110, 111, 112.)
2. Plaintiffs may re-submit a revised Opposition, **not exceeding 25 pages**, and their supporting papers **no later than November 10, 2017**.
3. Defendants may file a reply to the Opposition, not exceeding 10 pages, and any supporting papers, **no later than November 17, 2017**.

**IT IS SO ORDERED.**

**DATED: November 3, 2017**

Hon. Cynthia Bashant
United States District Judge