# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATSUE ELLIOTT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VERSA CIC, L.P., *et al.*, <br><br> Defendants. | Case No. 16-cv-00288-BAS-AGS <br><br> **ORDER DENYING DEFENDANTS' "MOTION *IN LIMINE*" TO "PRECLUDE NON-PLAUSIBLE CLAIMS"** <br><br> **[ECF No. 180]** |

Defendants Versa CIC, L.P. ("Versa") and ConAm Management Corporation ("ConAm") (together, "Defendants") have filed a "motion in limine number 1 to preclude nonplausible claims" at trial. (ECF No. 180.) Plaintiffs oppose. (ECF No. 195.) For the reasons herein, the Court denies Defendants' motion "to preclude nonplausible claims."

## LEGAL STANDARD

A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The motion is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By resolving the motion, potentially prejudicial evidence may be prevented from being presented to the jury, therefore avoiding the need for the trial judge to attempt to neutralize the

taint of prejudicial evidence. *See Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003). A motion *in limine* "is not a proper vehicle for a party to ask the Court to weigh the sufficiency of the evidence to support a particular claim or defense, because '[t]hat is the function of a motion for summary judgment, with its accompanying and crucial procedural safeguards.'" *Bowers v. Nat'l Collegiate Athletic Ass'n*, 563 F. Supp. 2d 508, 532 (D.N.J. 2008) (quoting *C & E Servs., Inc. v. Ashland, Inc.*, 539 F. Supp. 2d 315, 323 (D.D.C. 2008)); *see also Bakst v. Cmty. Mem. Health Sys.*, No. CV 09-08241 MMM (FFMx), 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) ("[A] motion *in limine* is not a proper vehicle by which to seek summary judgment on a claim."); *Via Waves Comm'cns, LLC v. ARC Phone Canada, Inc.*, No. CV–01–10370 CAS (MANx), 2004 WL 5486633, *4 (C.D. Cal. October 19, 2004) (denying a motion *in limine* that was "a late and improper attempt to obtain summary judgment.").

## DISCUSSION

Despite being labelled as a motion *in limine*, Defendants bring a dispositive motion they "ha[ve] 'disguised' as a motion *in limine* to 'effectively bar' [Plaintiffs] from raising [any] cause of action at trial." *Guzik Tech. Enters. v. Western Digitial Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6227626, at *8 (N.D. Cal. Nov. 22, 2013); *see also Venture Corp. v. Barrett*, No. 5:13-cv-03384-PSG, 2015 WL 2088999, at *4 n.50 (N.D. Cal. May 5, 2015) ("These motions rehash the same arguments Barrett made in support of his motion for partial summary judgment and which the court denied as precluded by genuine disputes of material fact. All are untimely dispositive motions, and must be DENIED for that reason"). The motion's arguments that Plaintiffs' remaining Fair Housing Act ("FHA") claims are "nonplausible" and reliance on *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)—which concern the standard for a pleading to survive a motion to dismiss—underscore the dispositive nature of Defendants' motion. After multiple scheduling extension requests by the parties (ECF Nos. 44, 82), October 9,

2017 was set as the final date for the parties to file dispositive motions. (ECF No. 83.) The instant motion comes over a year after that cut-off and is thus procedurally barred.[1]

Defendants' motion also takes issue with the Court's partial denial of summary judgment with respect to Plaintiffs' FHA Section 3604(f) and Section 3604(c) claims. Defendants' eve-of-trial objections to the Court's order come five months *after* the issuance of the Court's summary judgment order, for which Defendants did not seek timely reconsideration. S.D. Cal. L.R. 7.1.i.2 ("Except as may be allowed under Rules 59 and 60 of the Federal Rules of Civil Procedure, any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."). Thus, to the extent the motion is also a disguised motion for reconsideration, it is barred as untimely.

The Court, however, makes several observations regarding Defendants' arguments. First, Defendants take issue with the First Amended Complaint's ("FAC") general reference to the FHA as the basis for Plaintiffs' federal claims. Defendants never moved for a more definite statement of the Complaint pursuant to Rule 12(e). *See* Fed. R. Civ. P. 12(e). In fact, Defendants never moved to dismiss the FAC pursuant to Rule 12(b), but rather filed an untimely Answer to the FAC in violation of a court ordered deadline. (*Compare* ECF No. 8 (granting extension of time to respond to complaint no later than April 11, 2016) *with* ECF No. 10 (filing Answer on April 15, 2016).) Defendants have never explained why they could not, through appropriate diligence, have moved at the appropriate stage of the litigation to address the objections they now raise.

Second, the motion repeatedly intimates that Plaintiffs' disparate treatment claim set for trial was not pleaded in the Complaint. (ECF No. 180-1 at 4.)

---

[1] Defendants' filing of a dispositive motion in violation of the Scheduling Order provides a ground for the Court to consider whether sanctions should be imposed for failure to comply with the order. *See Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1224 (S.D. Cal. 2010).

Defendants' opening summary judgment brief expressly invoked the disparate treatment standard to argue that they did not violate the FHA and argued that "Plaintiffs cannot proffer any evidence to support their claims for discrimination under the Federal FHA for . . . disability/reasonable accommodations." (ECF No. 92 at 16–17.) It is unclear to the Court how a claim purportedly not pleaded in this lawsuit was nevertheless a claim on which Defendants moved for summary judgment. Defendants' further argument that references to Plaintiff Natsue Elliott's Alzheimer's disease is "prejudicial" and "confusing to the jury" is simply wrong as whether Plaintiffs' claims of discriminatory treatment on the basis of disability in violation of federal and state law are meritorious turn on the existence of a disability.

Defendants' motion also argues about the discriminatory statements that comprise the basis of Plaintiffs' Section 3604(c) claims set for trial. Defendants "disagree with the Court as to whether the statement[s] alleged in the First Amended Complaint [are] discriminatory." (ECF No. 180-1 at 4, 5.) The Court has not expressed any view about whether the statements are discriminatory. Whether Defendants disagree on whether their alleged statements violate Section 3604(c), the disagreements they now raise are a defense they can assert at trial[2] or through an appropriate procedural vehicle.

## CONCLUSION & ORDER

For the foregoing reasons, Defendants' motion "to preclude nonplausible claims" is **DENIED.** (ECF No. 180.)

**IT IS SO ORDERED.**

**DATED: November 16, 2018**

Hon. Cynthia Bashant
United States District Judge

---

[2] As Defendants recognize now through analysis of their potential Section 3604(c) liability that Defendants failed to raise at the pleading and summary judgment stage regarding statements to Plaintiffs expressly alleged in the FAC, resolution of the Section 3604(c) claim based on the ordinary listener standard rests with the jury at this stage. *See Soules v. U.S. Dep't of Hous. & Urban Dev.*, 967 F.2d 817, 824 (2d Cir. 1992) ("*[F]actfinders* may examine [the speaker's] intent, not because a lack of design constitutes an affirmative defense to an FHA violation, but because it helps determine the manner in which a statement was made and the way an ordinary listener would have interpreted it." (emphasis added)).