# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATSUE ELLIOTT, *et al.*,<br><br>                      Plaintiffs,<br><br>    v.<br><br>VERSA CIC, L.P., *et al.*,<br><br>                      Defendants. | Case No. 16-cv-00288-BAS-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS TO EXCLUDE FROM TRIAL THE TESTIMONY OF DEFENDANTS' DESIGNATED EXPERT WITNESSES ROBERT GRISWOLD AND BOB EVANS**<br><br>**[ECF Nos. 181, 182 ]** |

Plaintiffs have filed motions *in limine* to exclude from trial the expert witness testimony of Robert Griswold and Bob Evans, two individuals whom Defendants Versa CIC, L.P. ("Versa") and ConAm Management Corporation ("ConAm") (together, "Defendants") have designated as expert witnesses for trial. (ECF Nos. 181, 182.) Defendants oppose. (ECF No. 187.) For the reasons herein, the Court grants Plaintiffs' motions to exclude from trial the testimony of Griswold and Evans.

## LEGAL STANDARD

A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is introduced at trial. *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The motion is an important tool available to the trial judge to ensure the

expeditious and evenhanded management of the trial proceedings. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). By resolving the motion, potentially prejudicial evidence may be prevented from being presented to the jury, therefore avoiding the need for the trial judge to attempt to neutralize the taint of prejudicial evidence. *See Brodit v. Cambra*, 350 F.3d 985, 1004–05 (9th Cir. 2003).

A motion *in limine* may be used to exclude or limit an expert's testimony. "[I]t is the proponent of the expert who has the burden of proving admissibility." *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Federal Rule of Evidence 702 supplies the general standard applicable to admission of expert testimony. Under the Rule, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise . . ." Fed. R. Evid. 702. The Rule imposes various constraints, the most relevant of which for the purpose of the present motions is that "the expert's scientific, technical, or other specialized knowledge" must "*help the trier of fact to understand the evidence or to determine a fact in issue*." *Id*. 702(a) (emphasis added). The admission of an expert witnesses requires that the witness's testimony "both rests on a reliable foundation *and is relevant to the task at hand*." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (emphasis added).

## ANALYSIS

Resolution of Plaintiffs' motions to exclude largely turns on whether admission of the testimony of Robert Griswold and Bob Evans will "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The Court concludes it will not. In view of the Court's summary judgment order and the Final Pretrial Order, there are two overarching liability issues remaining for trial: (1) did Defendants make statements that suggest to the ordinary listener a preference, limitation, or discrimination in connection with the sale or rental of a dwelling, and (2) did Defendants intentionally discriminate against Plaintiffs by treating them

differently on the basis of Elliott's disability. (ECF No. 178 (Final Pretrial Order); ECF No. 181 at 2–3.) Resolution of these issues does not "require[] expert testimony since a lay jury is capable of understanding the facts and issues here to reach a determination without the aid of an expert, since for this purpose 'scientific technical, or other specialized knowledge' is not required." *See Brink v. Union Carbide Corp.*, 41 F. Supp. 2d 402, 405 (S.D.N.Y. 1997) (citations omitted). The Court does not otherwise find the testimony of Evans and Griswold—neither of whom is being proffered as a fact witness—appropriate for this task.

First, Defendants seek to rely on Evans's testimony solely to establish that the area in which Plaintiffs parked and at which they were allegedly subject to disparate treatment on the basis of Elliott's disability was a fire lane. (ECF No. 182-3.) That Evans has a background in architecture and architectural design does not mean that he has expertise relevant to the evaluation of claims concerning housing discrimination on the basis of disability. *See Brink*, 41 F. Supp. 2d 402 at 405. Evans does not indicate that he has such a background. Whether the area in which Plaintiffs allegedly parked was a fire lane or not, the issue for the jury to decide is whether Defendants' reasons for their alleged conduct turned on Elliott's alleged disability.

Second, it is clear to the Court that through the guise of an expert on real estate and property management "standards of care," Defendants seek to proffer Robert Griswold to opine on the ultimate question of whether Plaintiffs suffered discrimination in violation of federal and state law. That Robert Griswold has a background in real estate and property management does not mean that he has expertise relevant to the evaluation of housing discrimination claims concerning discrimination on the basis of disability. *Id.* In fact, Griswold's report does not proclaim any expertise in evaluating claims of housing discrimination broadly, or the disability discrimination at the heart of this case. (*See generally* ECF No. 181-3 (copy of Griswold report dated April 12, 2017).) A review of Griswold's report reveals to the Court that his "'expert' opinions are merely his own assessment of the

facts." *Benhabib v. Hughes Elecs. Corp.*, No. CV 04-0095 CAS (VBKx), 2006 WL 5014569, at *2 (C.D. Cal. Sept. 6, 2006).[1] "[W]here an expert becomes an advocate for a cause, he therefore departs from the ranks of an objective expert witness, and any resulting testimony would be unfairly prejudicial and misleading." *Viterbo v. Dow Chemical Co.*, 646 F. Supp. 1420, 1425–26 (E.D. Tex. 1986), *aff'd*, 826 F.2d 420 (5th Cir. 1987).

## CONCLUSION & ORDER

For the foregoing reasons, Plaintiffs' motions to exclude from trial the testimony of Robert Griswold and Bob Evans are **GRANTED**. (ECF Nos. 181, 182.) The Court **EXCLUDES** Griswold and Evans from testifying at trial.

**IT IS SO ORDERED.**

DATED: November 16, 2018

Hon. Cynthia Bashant
United States District Judge

---

[1] Griswold begins his report by concluding that "I do not see any supporting evidence or testimony based on the materials I have reviewed to date that confirms any such allegation of discrimination or failure to properly respond to a reasonable accommodation request." (ECF No. 181-3 at 4.) He then proceeds to give his views on the facts. Even setting aside the issues with Griswold's opining on the ultimate issue of discrimination, six of Griswold's eight opinions are no longer relevant in view of the Court's order granting summary judgment for Defendants on Plaintiffs' reasonable accommodation claims. (*Compare* ECF No. 167 at 12–30 *with* ECF No. 181-3 at ¶¶ 2–3 (larger apartment request), ¶¶ 5–7 (handicap parking space), ¶ 8 (apartment lockout).) Griswold's remaining opinion concerns fire lanes at Defendants' property (*id.* ¶ 4), which the Court has concluded does not require expert testimony.